IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3108 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| JESUS NEVAREZ-SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant has moved for a new trial based upon alleged perjured testimony given by a witness for the prosecution, John Paul Petersen, and in support of the motion has provided the affidavit of Melvin A. Jones. After carefully considering the affidavit and the parties' briefs, I find that Defendant is not entitled to a new trial or an evidentiary hearing.

    Jones has pleaded guilty to a federal felony offense and is facing 10 years to life in prison for his offense. Jones states in his affidavit that he talked to Petersen between April 20-25, 2005, while both men were being held at CCA-Leavenworth, along with Defendant; that Petersen was "quite steamed and angry" with Defendant because he thought Defendant had stolen a phone card while going through Petersen's legal paperwork; that Petersen and Jones at that time agreed to call the prosecutor or the marshal and to falsely claim that Defendant told them he knew there was a gun under the seat in his vehicle; that Petersen assured Jones this would "fix" Defendant and get some time knocked off their sentences; that two days later Petersen told Jones he had not been able to make the call yet, and Jones replied that it was just as well because he was not sure how he felt about "case jumping"; that Petersen also told Jones that a different roommate had stolen the phone card and had been taken to "the hole" at CCA-Leavenworth as a result; and that Jones decided to abandon the perjury scheme. (Filing 55.)

The standard to be applied in evaluating Defendant's motion for new trial depends on the presence or absence of prosecutorial misconduct. See United States v. L'Donna, 179 F.3d 626, 628 (8th Cir. 1999). Where the prosecution knowingly, recklessly or negligently uses perjured testimony, a conviction must be set aside if there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." Id. (quoting United States v. Tierney, 947 F.2d 854, 860-61 (8th Cir. 1991)). A more stringent standard applies if the government's use of perjured testimony was unwitting. Id. (citing United States v. Ward, 544 F.2d 975, 977 (8th Cir. 1976)). In such a case "the defendant must show that the evidence had not been discovered until after the trial, that the defendant had used due diligence before the trial, that the evidence was not merely cumulative or impeaching, that the evidence was material to the issues involved, and that the newly discovered evidence would probably produce an acquittal at a new trial." Id., at 629.

Defendant has not presented any evidence to show that the prosecution in this case either knew or should have known that Petersen's testimony was untrue. Thus, the more stringent Ward standard applies. The new evidence presented by Defendant merely impeaches Petersen's testimony and, even if believed by the jury, would be unlikely to produce an acquittal at a new trial, considering all of the evidence that points to Defendant's knowing possession of the gun. Furthermore, Jones' affidavit is inherently unbelievable. Why, for example, would Petersen continue with the alleged scheme after learning that Defendant had not stolen his phone card and after being told that Jones had changed his mind?

IT IS ORDERED that Defendant's motion for new trial and request for evidentiary hearing (filing 50) is denied in all respects.

July 12, 2005.                                BY THE COURT:

                                              s/ *Richard G. Kopf*
                                              United States District Judge

2